Smith, J.
In this case there was a motion filed by the defendants in error to strike the petition in error from the files and dismiss the proceeding on the alleged ground that Mr. Dunbar was not a party to the original action, the order or judgment in which he seeks to reverse, and therefore had no right to file the motion therein, the overruling of which is assigned as error, and therefore has no right to file the proceeding in error, We heard this question and the question whether there was error in the action of the trial court to the prejudice of plaintiff in error together.
At the hearinig of the motion in the court of common pleas, no evidence whatever seems to have been offered, and consequently no bill of exceptions was allowed. The questions in this case then arise on the transcript of the journal entries, and the original papers in the case.
From these it appears that on June 15, 1899, D. M. Jones filed his petition in the court of common pleas against the American Casket Company, alleging that he had recovered a judgment of the court of common pleas against the defendant company for $5,004.17, on which execution had been issued, but it was returned unsatisfied, and that it is still due and unpaid, and that he has no security for the same. And setting up many reasons why a receiver should be appointed by the court to wind up its affairs and dispose of its real and personal property to pay the claim of plaintiff and the other creditors, amounting in all to about $21,000, and praying for the appointment of a receiver to do this under the orders of the court. On the same day the defendant company filed an answer admitting all of the allega *587 tions of the petition, and joining in the prayer of plaintiff's petition. The court at once granted the prayer of the petition, and appointed a receiver, agreed to by both parties, who duly qualified, and by subsequent orders of the court was ordered to return an inventory of all the property, which was done. On June 28th and on July 7th,it being approved by the court, it was ordered that the property be sold at not less than two-thirds of the appraisement ($25,000), after advertisement of the sale for two consecutive weeks, twice a week, in one newspaper of general circulation in this county, and one paper of general circulation in Marion county, Indiana, where part of the property was situated. There were direction as to said sale, not necessary to mention. On July 27, the receiver made due returns of the order of sale, showing a full compliance with the provisions of the order of sale, and on the same day it was confirmed by the court. On July 31, 1899, Wm. M. Dunbar filed (without any leáve), a motion wherein he describes himself as a stockholder in defendant company, and represented that the receiver has not advertised his appointment as receiver, and has never filed proof of publication of the order of sale, and that he has never made proper publication of the order and time of sale, as'he was required to do, and that he did not make sale as directed by the order of court, or make due returns thereof. Therefore he moved the court to set aside the sale made by the receiver on July 25, 1899. This motion was overruled by the court and exception taken by Dunbar.
The final question for consideration arises on the motion of the defendants in error, to strike the petition in error from the files, on the ground that he was not a party to the original suit.
Our statute does not seem expressly to provide as to this. Section 5226, allows an appeal to be taken in an appealable case, “by a party or other person directly affected from a judgment or final order,’’ There is no such provision as to error cases. But it is unquestionably the rule, that error can ordinarily be prosecuted only by parties to the original action or their privies, as was said by Judge McTlvaine in the decision of the case of Hanover v. Sperry, 35 Ohio St., 245.
Follett & Kelly, for motion.
Major Hason, contra.
“In general a petition in error must be prosecuted by a party to the record, and to the judgment sought to be reversed: but if such party die before error is prosecuted, his administrator or executor or heir, according to the nature of the subject matter of the judgment, who becomes privy thereto by operation of law, may commence and prosecute a proceeding in error, without first being made a party to the judgment by revivor or otherwise.”
But according to the same authority, in such case, the petition in error must, by proper counts, show the facts under which the plaintiff in error claims to be privy to the judgment, and it must be duly verified. Now in this case there is nothing whatever to show that Dunbar was a stockholder in this company, or was in anywise affected by the order complained of, except the statement in the motion. For all that appears, the court may have found on evidence that he was not, and for this reason refused to grant his motion. This is fatal to his right to prosecute error in this case, without our passing upon the question whether under any circumstances, a stockholder, not an actual party, could prosecute error to a judgment; but we incline to the opinion that he can not; that he is represented by the company, and unless before judgment he obtains leave on proper -showing to -be made a party, that he can not do so after-wards.
But on looking at the other branch of the case, we see no error in the action of the court in overruling the motion filed by Dunbar. There was no evidence offered to sustain either grounds of the motion. For all that appears, evidence may have been offered showing due publication of notices at the hearing. They were actually filed a few days after, showing due notice of the appointment of the receiver and due publication of the time, place and terms of sale. And we are of the opinion that the court having fixed the time that the sale was to be advertised at two weeks, that it was not necessary that it be advertised four or five weeks as is provided for sale of real estate on execution.
The motion of defendants in error will be sustained and the cause stricken from the docket.